Frank J. Hogan and Marcella M. Hogan v. Commissioner.
Hogan v. Commissioner
Docket No. 92622.
United States Tax Court
T.C. Memo 1963-293; 1963 Tax Ct. Memo LEXIS 52; 22 T.C.M. (CCH) 1500; T.C.M. (RIA) 63293; October 25, 1963
*52 Expenditures held not incurred in the course of travel away from home in pursuit of taxpayers' trade or business. Truman Clare, 1221 First National Bank Bldg., Omaha, Neb. for the petitioners. Maxel B. Silverberg for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: Respondent determined deficiencies in petitioners' income taxes for the years and in the amounts as indicated: 1957
$1,858.09
1958
1,796.91
1959
2,691.50
The only *53 issue remaining for determination is whether petitioners are entitled to a deduction of $3,600 for 1957 as travel expenses incurred while away from home in pursuit of a trade or business. Findings of Fact The petitioners, husband and wife, reside in Omaha, Nebraska. They filed joint Federal income tax returns for 1957, 1958 and 1959 with the district director of internal revenue in Omaha. Prior to October 1, 1956, petitioner Frank J. Hogan (thereinafter sometimes referred to as "petitioner") had been engaged in the insurance business for approximately 31 years. For approximately 4 1/2 years prior to October 1, 1956, petitioner was president of the Constitution Life Insurance Company in Los Angeles, California. During this period the president of Mutual of Omaha (hereinafter sometimes referred to as "Mutual") attempted to persuade petitioner to take a position with Mutual. On October 1, 1956, petitioner terminated his employment with the Constitution Life Insurance Company and was hired by Mutual. Since then, petitioner has held the positions of secretary, vice president, and executive vice president with Mutual. He is a member of the board of directors and the executive committee *54 of United Benefit Life Insurance Company, a subsidiary of Mutual. He is also president of the St. Paul Hospital and Casualty Company, a whollyowned subsidiary of Mutual. For several years he was president of the Wisconsin Casualty Association, which was managed by Mutual. During his first fifteen months with Mutual, petitioner acted as a "troubleshooter" and also did a great deal of work on administrative problems in Mutual's home office in Omaha. In addition, he traveled to various parts of the country in the performance of his duties with Mutual. During the period of January 1, 1957, to August 31, 1957, inclusive, the petitioner was in Omaha for 144 days, in Los Angeles for 41 days, and in other cities for 58 days. On two occasions during this period petitioner was in Omaha for more than a month at a time. Except for the last half of August, petitioner was in no other city as long as two weeks at any one time. For the remainder of the year, petitioner was in Omaha for 77 days and in other cities for 45 days. On November 15, 1956, petitioners purchased a home for $38,500 at 500 Beverly Drive in Omaha, Nebraska. Petitioners sold this home for $45,500 at the end of June 1957 to *55 the family who had been renting it since February 1, 1957. About August 7, 1957, petitioners bought another home in Omaha, in which home they were still living at the time of the trial in this case. On their income tax return for 1957 petitioners noted the sale of their first Omaha home but contended that the gain was not recognizable because the gain was derived from the sale of their residence. Subsequently, petitioners conceded that the gain was recognizable in 1957. Opinion Petitioner contends he spent $3,600 for nonreimbursed living expenses in Omaha, Nebraska, during the period January 1, 1957, through August 31, 1957, which expenses were incurred while away from home in the pursuit of his trade or business. Although petitioner points to no statutory provision allowing deduction for such ezpenditures, we gather from the language of the petition and the reply to the amended answer that petitioner's claim is based upon section 162(a)(2). [1]
*56 Respondent maintains that petitioner has not substantiated the expenditures, [2] that the expenditures were personal and therefore nondeductible under the provisions of section 262, [3] and that petitioner was reimbursed for the expenditures. We agree with respondent that petitioner has failed to establish that the expenditures were incurred while away from home in the pursuit of his trade or business. Petitioner's 1956 purchase of a home in Omaha approximately six weeks after the commencement of his employment by Mutual, his statement on his 1957 income tax return that this home was his residence prior to its sale in June 1957, his presence *57 in Omaha 59 percent of the time during the first eight months of 1957 and 63 percent of the time during the last four months of that year, all militate against any conclusion that petitioner's trade or business during the first eight months of 1957 required that he travel away from home when he was in Omaha. The only item in the record that arguably supports petitioner's contention is a statement in a letter, written by the general comptroller of Mutual to the district director of internal revenue some 2 1/2 years prior to the trial in this case, which stated in part: When Mr. Hogan was first employed by Mutual of Omaha on October 1, 1956, he was temporarily assigned to duty in Omaha, with the understanding that his permanent home was to be in California. It was expected that he would be required to travel rather extensively on Company business, to other cities and other areas of the country. This arrangement, made for the benefit of the Company rather than for the convenience of Mr. Hogan, was understood to be strictly temporary. No definite permanent assignment was made until September 1, 1957, when Mr. Hogan moved his permanent residence to Omaha. There is no indication in *58 the letter or any other part of the record as to why it was to the benefit of the company that petitioner maintained his permanent home in California despite the fact that he was to spend the majority of his time at the company's home office in Omaha. Nor is there any further discussion as to how his permanent assignment on September 1, 1957, differed from his temporary assignment prior to that date. This is not a case where an employee was transferred by his employer to a new location on a temporary or indefinite status. Rather, this case involves a man who, by his own choice, sought and obtained employment with a new employer away from his former residence. It may be that neither petitioner nor Mutual was absolutely sure at first that each would be happy with the other. Nevertheless, petitioner has wholly failed in his burden of demonstrating that Omaha was not his tax home and that the exigencies of his business as an employee of Mutual required that he maintain his home in a place other than Omaha. Since this essential link in petitioner's chain of proof is missing, we find it unnecessary to make findings as to whether petitioner substantiated his expenditures and as to whether *59 Mutual reimbursed him for those expenditures. Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *↩
2. The deficiency notice states, "It is determined that the expenditure represents non-deductible personal living or family expenses." Although this impliedly concedes that the expenditures were made, respondent's counsel raised the substantiation issue in his opening statement at the trial and the insertion of this issue was not objected to, then or later. ↩
3. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩